**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| ALDO JOHN DE LUCA | : | Case No. 25-13418-DJB |
| Debtor. | : | |

**GREGORY J. GORE'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN**

Gregory J. Gore ("Movant"), by and through his undersigned counsel, files this objection to confirmation of Debtor's Third Amended Chapter 13 Plan (Doc 60), and states as follows:

1. On August 28, 2025 (the "Petition Date"), the Debtor filed a Voluntary Petition under Chapter 13 of Title 11 of the Unites States Code (the "Bankruptcy Code").

2. On the Petition Date, the Debtor also filed a Chapter 13 Plan (the "First Plan") (Doc 6).

3. The Debtor is indebted to Movant pursuant to the terms of a certain Promissory Note dated April 3, 2014, in the principal amount of $315,000 (the "Loan").

4. The Promissory Note matured on April 3, 2024, more than one year prior to the Petition Date and, as a result, the entire unpaid principal amount of the Loan and all accrued and unpaid interest thereon became due and payable to Movant.

5. The Movant is the holder of a properly recorded Mortgage dated April 3, 2014, in the amount of $315,000, on the Debtor's real property located at 133 W. Laurel Street, Unit B, Philadelphia, PA 19123 (the "Laurel Street Property"), which was granted by the Debtor to secure the Loan.

6. On October 29, 2025, Movant filed a Proof of Claim in the amount of $200,275.19.

7. Movant objected to the Plan because the Plan did not comply with the requirements of 11 U.S.C. §§1322(b)(3) and 1325(a)(5).

8. On April 13, 2026, the Debtor filed a First Amended Chapter 13 Plan (the "Amended Plan") (Doc. 43).

9. The First Amended Plan contains similar deficiencies and does not provide for cure of the pre-Petition debt owed to Movant (*see* Amended Plan, §4(b)) and states that Movant will not receive any funds in the bankruptcy case from the Chapter 13 Trustee (*see* Amended Plan, §4(c)).

10. Part 4: Secured Claims, provided for payment of Movant's secured claim upon the sale of the Laurel Street Property.

11. Part 7(c) of the First Amended Plan states that the Laurel Street Property will be sold with a closing to be completed by October 30, 2026.

12. The First Amended Plan did not set forth sufficient information regarding the sale of the Laurel Street Property to determine feasibility of the First Amended Plan; it did not disclose if a real estate broker has been engaged and, if so, the identity of the broker and the fees/commissions to be paid to the broker. The First Amended Plan further failed to disclose if or when the Laural Street Property will be listed for sale and the sale price, the amount of the encumbrances against the Laurel Street Property, and whether the proceeds from the sale will be sufficient to pay secured creditors' claims, including the Movant's claim.

13. On April 24, 2026, Movant filed an objection to confirmation of the First Amended Plan because the Plan did not comply with Bankruptcy Code §1325(a)(5)(B) and failed to disclose any details or information regarding the sale of the Laural Street Property.

14. Because the Debtor filed an amended plan, the confirmation hearing was continued.

15. On July 15, 2026, the Debtor filed a Second Amended Plan (Doc. 60). As to Gore, the Second Amended Plan provides that Gore's secured claim "will be addressed outside of the plan" and that Gore will receive no distribution from the Trustee.

16. The Second Amended Plan provided no details on the sale of the Laurel Street property on which Gore has a properly recorded mortgage, nor did it provide that Gore's secured claim will be paid from the proceeds of the sale.

17. The Second Amended Plan is deficient for the same reasons the Debtor's Plan and First Amended Plan were deficient and does not comply with the requirements of 11 U.S.C. §§1322(b)(3) and 1325(a)(5) and for this reason, Movant filed an objection to confirmation of the Second Amended Plan.

18. On September 30, 2026, the day before the confirmation hearing on Debtor's Second Amended Plan, the Debtor filed a Third Amended Plan (the "Third Amended Plan") (Doc. 66).

19. The Third Amended Plan is virtually identical to the Plan, the First Amended Plan, and the Second Amended Plan, with the only difference being that Part 7(c) states that a closing on the Laurel Street Property is extended to March 30, 2027.

20. The Third Amended Plan is deficient for the same reasons the Debtor's prior proposed plans were deficient and does not comply with the requirements of 11 U.S.C. §§1322(b)(3) and 1325(a)(5), specifically: (1) the Third Amended Plan does not provide for payment to Movant, as a secured creditor; (2) the Third Amended Plan does not provide that the value of property to be distributed on account of Movant's allowed secured claim shall be equal to or in excess of the allowed amount of Movant's claim; (3) the Third Amended Plan is not

sufficiently funded to cure the pre-Petition debt owed to Movant under the Promissory Note which matured on April 3, 2024; and (4) no funds are to be tendered by the Trustee to Movant as a secured creditor, and no distribution is intended to cure the pre-petition obligations due and payable to Movant. For these reasons, Movant objects to confirmation of the Third Amended Plan and distribution schedule.

21. Moreover, like the prior plans, the Third Amended Plan does not set forth sufficient information regarding the sale of the Laurel Street Property to determine feasibility of the Third Amended Plan; it did not disclose if a real estate broker has been engaged and, if so, the identity of the broker and the fees/commissions to be paid to the broker. It fails to disclose if or when the Laural Street Property will be listed for sale and the sale price, the amount of the encumbrances against the Laurel Street Property, and whether the proceeds from the sale will be sufficient to pay secured creditors, including the Movant. The Debtor has presented no offer or sales agreement for the Laurel Street Property but proposes extending a closing to March 30, 2027.

22. The Debtor has had over a year to propose a viable plan of reorganization and has failed to do so and instead continues to file the same deficient Plan by way of amendments. The Debtor has had sufficient time to list and sell the Laurel Street Property but fails to show that it is even listed for sale and that an agreement of sale is forthcoming.

WHEREFORE, Movant respectfully requests the entry of an Order denying confirmation of the Debtor's Third Second Amended Plan and for such other relief as the Court may deem just and proper.

WEIR LLP

By: *s/ Susan Verbonitz*____________
Susan Verbonitz, Esquire

1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
(215) 665-8181
sverbonitz@weirlawllp.com
Attorneys for Gregory J. Gore

Date: October 26, 2026